UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KANA INVESTMENT CORP.,

    Plaintiff,

v.

No. 12-13689
District Judge Stephen J. Murphy III
Magistrate Judge R. Steven Whalen

FEDERAL DEPOSIT INSURANCE
CORPORATION and NORTH CRE
VENTURE 2010-2, LLC,

    Defendants.

                                 /

**REPORT AND RECOMMENDATION**

      This is an action to quiet title that Plaintiff originally filed in the Wayne County, Michigan Circuit Court. Defendant Federal Deposit Insurance Corporation ("FDIC") removed the case to this Court. Before the Court at this time is Plaintiff's Motion for Entry of Default Judgment to Quiet Title [Doc. #7], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Motion be DENIED.

**I.   FACTS**

      After the FDIC removed the action to this Court, a summons was issued for Defendant North CRE Venture 2010-2, LLC ("North CRE") on August 24, 2012 [Doc. #3]. On January 22, 2013, Plaintiff filed a Return of Service indicating that the summons and complaint were served on North CRE by certified mail, return receipt requested, on September 21, 2012 [Doc. #4]. Attached to the Return of Service is a return receipt indicating that an individual, whose signature is illegible, signed for the delivery at North CRE's address in California. The return receipt does not indicate the date of delivery.

      Defendant North CRE has not filed an answer or otherwise responded to the

-1-

complaint.

On January 23, 2013, the Clerk of this Court, on Plaintiff's request, entered a default as to North CRE [Doc. #6]. Plaintiff filed the present Motion on January 24, 2013.

## II.   STANDARD OF REVIEW

Under Fed.R.Civ.P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. An entry of default by the Clerk pursuant to Rule 55(a) is a prerequisite to obtaining a default judgment. *Vongrabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004); *Ramada Franchise Sys., Inc.,* 220 F.R.D. 303, 305 (N.D.Ohio 2004). In addition, a default judgment may not be entered unless the defendant has been properly served; otherwise, the Court does not have personal jurisdiction. *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987); *see also Walker v. Brooke Corporation,* 2009 WL 1689653, *1 (E.D.Mich.2009), citing *Harrison v. Burt,* 2008 WL 3984044, * 1 (E.D.Mich.2008) ("A party is under no duty to respond and a court does not have personal jurisdiction over a defendant until that defendant has been properly served.").

## III.   DISCUSSION

Three conditions must be satisfied before a judgment of default is entered. First, there must be a Clerk's entry of default. Second, the defendant must have been properly served. And third, the defendant must have failed to plead or otherwise defend against the action.

In this case, North CRE, a limited liability company, was not properly served. Fed.R.Civ.P. 4(e)(1) provides that service may be effected "pursuant to the law of the state in which the district court is located, or in which service is effected...." Service of

process in Michigan is governed by MCR 2.105. Under Rule 2.105(A)(2), service on an *individual* may be effected by certified mail, return receipt requested. However, service on *corporations* is governed by Rule 2.105(D), which provides as follows:

> **(D) Private Corporations, Domestic and Foreign.** Service of process on a domestic or foreign corporation may be made by
>
> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation *and* sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
>
> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if
>
>> (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
>>
>> (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>>
>> (c) the corporation's term of existence has expired.

While Rule 2.105(D) does not specifically address service of limited liability companies, the Michigan Court of Appeals in *Bullington v. Corbell*, 293 Mich.App. 549, 558, 809 N.W.2d 657 (2011), referencing MCR 2.105(H)(1), held that "[t]he court rules simply do not contemplate that a plaintiff may use certified mail as an initial form of service on corporate entities of any kind."

Contrary to the holding in *Bullington*, the Plaintiffs in this case used certified mail "as an initial form of service." They did not effect personal service on an officer, director or resident agent. There is nothing in the record to show that North CRE has failed to maintain a resident agent, or that it no longer exists as an LLC. *See Bullington, supra*, at 558 ("Nothing in the record supports that Hunter Homes failed to appoint or maintain a registered agent."). While Plaintiffs' use of certified mail might have sufficed as service on an individual Defendant, it is insufficient service on a corporation or an LLC.[1]

Because North CRE was not properly served, this Court does not have personal jurisdiction over that Defendant, and may not therefore enter a default judgment. *Omni Capital, supra*.

## IV.    CONCLUSION

---

[1] Nor was service by certified mail permissible under California law. California Code of Civil Procedure § 415.20(b) provides as follows:

> (b) If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

To effect substitute service under § 415.20(b), a plaintiff must show that the defendant cannot be personally served using "reasonable diligence." "Two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as ' "reasonable diligence." ' " *American Exp. Centurion Bank v. Zara, supra,* 199 Cal.App.4th 383, 389, 131 Cal.Rptr.3d 99 (2011). In this case, Plaintiffs have not attempted personal service, and even if they had, the California rule does not provide for substitute service merely by certified mail.

For these reasons, I recommend that Plaintiff's Motion for Entry of Default Judgment to Quiet Title [Doc. #7] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. L.R. 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated July 10, 2013                    s/ R. Steven Whalen
                                       R. STEVEN WHALEN
                                       UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on July 10, 2013, electronically and/or by U.S. mail.

                                       s/Michael Williams
                                       Relief Case Manager for the
                                       Honorable R. Steven Whalen