UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KANA INVESTMENT CORP.,

        Plaintiff,                          No. 12-13689

v.                                      District Judge Stephen J. Murphy, III
                                         Magistrate Judge R. Steven Whalen

FEDERAL DEPOSIT INSURANCE
CORPORATION, ET AL.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

      This is an action to quiet title that Plaintiff originally filed in the Wayne County, Michigan Circuit Court. Defendant Federal Deposit Insurance Corporation ("FDIC") removed the case to this Court. Before the Court at this time is Plaintiff's Motion for Entry of Default Judgment as to Defendant FDIC [Doc. # 13], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Motion be DENIED.

                                            **I.    STANDARD OF REVIEW**

      Under Fed.R.Civ.P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. An entry of default by the Clerk pursuant to Rule 55(a) is a prerequisite to obtaining a default judgment. *Vongrabe v. Sprint PCS*, 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004); *Ramada Franchise Sys., Inc.,* 220 F.R.D. 303, 305 (N.D.Ohio 2004). In addition, a default

judgment may not be entered unless the defendant has been properly served; otherwise, the Court does not have personal jurisdiction. *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987); *see also Walker v. Brooke Corporation*, 2009 WL 1689653, *1 (E.D.Mich.2009), citing *Harrison v. Burt*, 2008 WL 3984044, *1 (E.D.Mich.2008) ("A party is under no duty to respond and a court does not have personal jurisdiction over a defendant until that defendant has been properly served.").

## II. DISCUSSION

There is no entry of default by the Clerk of the Court in this case. *See* Docket Sheet. Plaintiff has attached as Exhibit C to the motion a state court *request* for default, signed by counsel, but that does not qualify as a Clerk's entry of default in this Court.

In order for a plaintiff to obtain a judgment by default, he must first obtain a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a). A default judgment is governed by Rule 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp*., 204 F.R.D. 327, 330 (W.D.Mich.2000) (quoting *United States v. Topeka Livestock Auction, Inc*., 392 F.Supp. 944, 950 (N.D.Ind.1975)). In *Vongrabe v. Sprint PCS*, *supra*, 312 F.Supp. at 1318, the court explained:

> "The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."

See also *Ramada Franchise Sys., Inc.*, 220 F.R.D. 303, 305 (N.D.Ohio 2004) (quoting *Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D.Penn.1985)) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local # 245 of the Jersey City Public Employees Union*, 511 F.Supp. 171, 176 (D.N.J.1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

Again, the Clerk has not entered a default under Rule 55(a). Therefore, Plaintiff is not entitled to a default judgment under Rule 55(b).

### III.  CONCLUSION

For these reasons, I recommend that Plaintiff's Motion for Entry of Default Judgment as to Defendant FDIC [Doc. # 13] be DENIED.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to

E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: April 11, 2014            s/R. Steven Whalen
                                 R. STEVEN WHALEN
                                 UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 11, 2014, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable R. Steven Whalen