UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KANA INVESTMENT CORP.,

    Plaintiff,

v.

No. 12-13689
District Judge Stephen J. Murphy III
Magistrate Judge R. Steven Whalen

FEDERAL DEPOSIT INSURANCE
CORPORATION and NORTH CRE
VENTURE 2010-2, LLC,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

    This is an action to quiet title that Plaintiff originally filed in the Wayne County, Michigan Circuit Court. Defendant Federal Deposit Insurance Corporation ("FDIC") removed the case to this Court. Before the Court at this time is Plaintiff's Motion for Entry of Default Judgment to Quiet Title [Doc. #18], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Motion be DENIED.

**I.   FACTS**

    Plaintiff claims that after the complaint was filed in the Wayne County Circuit Court, the FDIC was served with a copy of the summons and complaint. *See* Certificate of Service, Exhibit A to Plaintiff's motion [Doc. #18]. The Certificate of Service indicates that copies of the summons and complaint were sent by certified mail to the Federal Deposit Insurance Corporation at a Livonia, Michigan address on July 6, 2012, and at a Clinton Township, Michigan address on July 8, 2012. The Certificate also indicates that on July 9, 2012, a summons and complaint were sent to the United States Attorney General in Washington, D.C.

On August 20, 2012, the FDIC filed a Notice of Removal in this Court [Doc. #1]. On April 15, 2014, Plaintiff requested a Clerk's entry of default [Doc. #16], and on the same day, the Clerk of this Court entered a default [Doc. #17]. On April 17, 2014, Plaintiff filed the present motion.

## II. STANDARD OF REVIEW

Under Fed.R.Civ.P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. An entry of default by the Clerk pursuant to Rule 55(a) is a prerequisite to obtaining a default judgment. *Vongrabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004); *Ramada Franchise Sys., Inc.,* 220 F.R.D. 303, 305 (N.D.Ohio 2004). In addition, a default judgment may not be entered unless the defendant has been properly served; otherwise, the Court does not have personal jurisdiction. *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987); *see also Walker v. Brooke Corporation,* 2009 WL 1689653, *1 (E.D.Mich.2009), citing *Harrison v. Burt,* 2008 WL 3984044, * 1 (E.D.Mich.2008) ("A party is under no duty to respond and a court does not have personal jurisdiction over a defendant until that defendant has been properly served.").

Finally, "Default judgments are disfavored, and there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment." *Walton v. Rogers*, 860 F.2d 1081, 1988 WL 109859, *1 (6th Cir. 1988)(Table), citing *Varnes v. Local 91, Glass Bottle Blowers Ass'n of the U.S. and Can.*, 674 F.2d 1365, 1369 (11th Cir. 1982).

## III. DISCUSSION

Three conditions must be satisfied before a judgment of default is entered. First, there must be a Clerk's entry of default. Second, the defendant must have been properly

served. And third, the defendant must have failed to plead or otherwise defend against the action.

In this case, the FDIC was not properly served. Fed.R.Civ.P. 4(i) provides as follows with regard to serving an agency of the United States, such as the FDIC:

> **(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
>
> **(1)** *United States.* To serve the United States, a party must:
>
> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Although Plaintiff sent a copy of the summons and complaint to the Attorney General, it did not serve the United States Attorney for the Eastern District of Michigan, as required by this Rule.

Plaintiff argues that the FDIC "acceded" to the Court's jurisdiction by filing its Notice of Removal. That is incorrect. "A Notice of Removal affects only the forum in which the action is heard. Hence, filing a notice of removal does not affect persona jurisdiction and does not waive the right to service." *Allstate Ins. Co. v. Hamilton Beach/Proctor-Silex, Inc.*, 2005 WL 2658950, *1, fn. 1 (E.D. Mich. 2005)(Battani, J.), citing *Morris & Co. v. Skandenavia Ins. Co.*, 279 U.S. 405, 409 (1929); *Silva v. City of Madison*, 69 F.3d 1368 (7th Cir. 1995).

Because the FDIC was not properly served, this Court does not have personal jurisdiction over that Defendant, and may not therefore enter a default judgment. *Omni*

*Capital, supra*.

### IV. CONCLUSION

For these reasons, I recommend that Plaintiff's Motion for Entry of Default Judgment to Quiet Title [Doc. #18] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. L.R. 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: October 7, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 7, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla  
Case Manager to the  
Honorable R. Steven Whalen
